```
 1
 2
 3
 4
 5
 6
 7
 8                   IN THE UNITED STATES DISTRICT COURT
 9                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10   ALFRED PACHECO,
11           Petitioner,              No. CIV S-09-2739 GGH P
12      vs.
13   W. McDONALD,
14           Respondent.              ORDER
15   _____/
```

16   I. Introduction

17     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas
18   corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction for carjacking
19   with personal use of a firearm and being a felon in possession of a firearm. The trial court found
20   true, allegations that petitioner had a prior serious felony. The trial court sentenced petitioner to
21   twenty-six years in prison. This action is proceeding on the original petition filed October 1,
22   2009, raising the following claim: 1) the trial court violated petitioner's state and federal rights
23   when it instructed the jury with CALCRIM 376[1] regarding possession of recently stolen

---

[1] California Criminal Jury Instruction: Possession of Recently Stolen Property as Evidence of Crime.

property.[2]

After carefully considering the record, the court orders that the petition be denied.[3]

## II. Anti-Terrorism and Effective Death Penalty Act (AEDPA)

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not

---

[2] The petition contains two claims but they will both be discussed together.

[3] This case is before the undersigned pursuant to both parties consent. Docs. 7, 8.

issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

"Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120, 125, 128 S.Ct. 743, 746 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76, 127 S.Ct. 649, 653-54 (2006) (established law not permitting state sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 123 S. Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state

court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

III. Background

The opinion of the California Court of Appeal contains a factual summary that the court adopts below.

> On June 21, 2007, Ramon Flores was driving his red truck to the Pep Boys store when he noticed a gray car with three occupants attempt to cut him off. When Flores entered the Pep Boys parking lot, the gray car followed and blocked Flores's exit. [Petitioner] got out of the car and a passenger moved into the driver's seat. [Petitioner] opened Flores's truck door, pulled out a gun, and pointed it at Flores's chest. [Petitioner] said, "Get out. Don't be stupid. Don't be an idiot." [Petitioner] pulled Flores out of the car. [Petitioner] got in the truck and left.
>
> Megan Banks, who worked at Pep Boys, saw the carjacking. She gave Flores a phone to call the police.
>
> By coincidence, several police officers were in the vicinity. An auto theft investigator was in a parking lot behind Pep Boys when he heard about the carjacking over the police radio. He pursued the suspect. Two other officers on patrol in the area also heard the police call. They saw the red truck at a stop light and followed it to an Auto Zone store. When [petitioner] pulled into the Auto Zone parking lot, he got out of the truck and threw something into the bushes. The patrol officers took him into custody.
>
> Meanwhile, Officer Kyle Mallatt responded to Pep Boys and interviewed Flores. The police took Flores and Banks to Auto Zone, where both identified [petitioner] as the carjacker. Mallatt found the keys to the truck in the bushes. The investigator found the gun; it had four empty casings.
>
> When the field evidence technician was taking photographs of and fingerprints from the truck, [petitioner] told them not to waste their time. His fingerprints would be on the door and the steering wheel because he borrowed the truck with permission.
>
> The parties stipulated that [petitioner] had a felony conviction. They also stipulated no latent fingerprints were found on the gun or the casings. Palm prints found on the truck were not [petitioner's].

People v. Pacheco, 2009 WL 74344 *1.

IV. Discussion

Petitioner argues that his rights were violated when the trial court instructed the jury with CALCRIM 376 regarding possession of recently stolen property in that the instruction

4

unconstitutionally permits a finding of guilt by a standard less than 'beyond a reasonable doubt', with its reference to only a 'slight' amount of evidence being required to find a party guilty.

The jury instruction at issue, CALCRIM 376, states:

> If you conclude that the defendant knew he possessed property and you conclude that the property had in fact been recently stolen, you may not convict the defendant of [the crime] based on those facts alone. However, if you also find that supporting evidence tends to prove his guilt, then you may conclude that the evidence is sufficient to prove he committed [the crime].
>
> The supporting evidence need only be *slight* and need not be enough by itself to prove guilt. You may consider how, where, and when the defendant possessed the property, along with any other relevant circumstances tending to prove his guilt of [the crime].
>
> Remember that you may not convict the defendant of any crime unless you are convinced that each fact essential to the conclusion that the defendant is guilty of that crime has been proved beyond a reasonable doubt.

CALCRIM 376 (emphasis added).

Petitioner argues that use of the term 'slight' reduced the prosecution's burden to less than 'beyond a reasonable doubt.' This claim was brought on direct appeal and denied in a reasoned opinion by the California Court of Appeal:

> [Petitioner] contends instruction with CALCRIM No. 376, on the possession of recently stolen property as evidence of a crime, violated his rights to due process, a fair trial, a jury trial and fundamental fairness under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. CALCRIM No. 376 has been upheld against challenges such as [petitioner] makes in People v. O'Dell (2007) 153 Cal.App.4th 1569, 1573-1577; People v. Solorzano (2007) 153 Cal.App.4th 1026, 1033-1036; and People v. Anderson (2007) 152 Cal.App.4th 919, 946-950. We follow these cases.
>
> The trial court instructed the jury as follows:
>
>> "If you conclude that the [petitioner] knew he possessed the property and you conclude that the property had in fact been recently stolen, you may not convict the [petitioner] of carjacking based on those facts alone. However, if you also find that supporting evidence [tends] to prove his guilt, then you may conclude that the evidence is sufficient to prove he committed carjacking.
>>
>> "Let me read that sentence again.
>>
>> "However, if you also find that supporting evidence tends to prove his

5

>guilt, then you may conclude that the evidence is sufficient to prove he committed carjacking.
>
>"The supporting evidence need only be slight and need not be enough by itself to prove guilt. You may consider how, where and when the defendant possessed the property, along with any other relevant circumstances tending to prove his guilt of carjacking.
>
>"Remember that you may not convict the defendant of any crime unless you are convinced that each fact essential to the conclusion that the defendant is guilty of that crime has been proved beyond a reasonable doubt."

[Petitioner] argues allowing only "slight" corroboration reduces the prosecution's burden of proof to a level below beyond a reasonable doubt. Not so. "[T]he inference that possession of stolen property creates is permissive, not mandatory. The case law is settled that requiring only slight corroborating evidence in support of a permissive inference, like the one that possession of stolen property creates, neither changes the prosecution's burden of proving every element of the offense nor otherwise violates the right of due process if, as here, the conclusion suggested is one that common sense and reason can justify 'in light of the proven facts before the jury.' [Citations.] [¶] The permissive inference that CALCRIM No. 376 authorizes if the jury finds slight supporting evidence is linguistically synonymous with, and constitutionally indistinguishable from, the permissive inference that CALJIC No. 215 authorizes if the jury finds slight corroborating evidence. CALJIC No. 2.15 has withstood repeated constitutional attack. [Citations.] Like CALJIC No. 2.15, CALCRIM No. 376 neither undermines the presumption of innocence nor violates due process." (People v. Solorzano, supra, 153 Cal.App.4th at pp. 1035-1036.)

[Petitioner] relies on federal cases which found a "slight evidence" instruction constitutionally defective. (See United States v. Gray (5th Cir.1980) 626 F.2d 494, 500 and United States v. Hall (5th Cir.1976) 525 F.2d 1254, 1255-1256.) He contends this court must follow federal constitutional law on this point rather than state law.

In the cases [petitioner] cites, the instructions at issue permitted the jury to tie a [petitioner] to a conspiracy with only slight evidence. CALCRIM No. 376, by contrast, expressly requires the jury to find "each fact essential" to [petitioner's] guilt "has been proved beyond a reasonable doubt." CALCRIM No. 376 did not reduce the prosecution's burden of proof.

[Petitioner] next contends CALCRIM No. 376 permits a jury to draw an impermissible inference of guilt. He argues the possession of recently stolen property gives rise to an inference of guilt only where [petitioner] has no reasonable explanation for the possession. He asserts CALCRIM No. 376 allows the jury to disregard even a believable explanation and convict based on possession and slight corroboration.

This argument was rejected in People v. O'Dell, supra, 153 Cal.App.4th at page 1576 and People v. Anderson, supra, 152 Cal.App.4th at pages 947-948. The

6

|   |   |
|---|---|
| 1 | O'Dell court found no constitutional requirement of an absence of an explanation before a jury may infer guilt from the possession of recently stolen property. (O'Dell, supra, at p. 1576.) "Moreover, contrary to [petitioner] argument, allowing the jury to disbelieve a [petitioner's] version of events is not the same as permitting the jury to disregard his or her explanation.  CALCRIM No. 376 does not suggest that the jury may ignore a defendant's evidence. [Citation.]  It is for the jury to decide whether to make an inference of guilt based upon the totality of the evidence presented.  [Citation.]" (Ibid., original italics.)  The Anderson court agreed: "The instructions in general tell the jury to consider *all* relevant evidence.  CALCRIM No. 376 reiterates that the People must prove guilt beyond a reasonable doubt and contains no limitation on the evidence that may be considered in determining if the People have done so."  (Anderson, supra, at p. 948, original italics.) |

People v. Pacheco, 2009 WL 74344 *2-3.

The case law that governs derives from the Supreme Court's cases dealing with presumptions and inferences.

> The analysis is straightforward. "The threshold inquiry in ascertaining the constitutional analysis applicable to this kind of jury instruction is to determine the nature of the presumption it describes." *Id.*, at 514, 99 S.Ct., at 2454. The court must determine whether the challenged portion of the instruction creates a mandatory presumption, *see id.*, at 520-524, 99 S.Ct., at 2457-2459, or merely a permissive inference, see Ulster County Court v. Allen, 442 U.S. 140, 157-163, 99 S.Ct. 2213, 2224-2227, 60 L.Ed.2d 777 (1979). A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. [FN2 omitted] A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.
>
> Mandatory presumptions must be measured against the standards of Winship as elucidated in Sandstrom. Such presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense. Patterson v. New York, supra, 432 U.S., at 215, 97 S.Ct., at 2329 ("[A] State must prove every ingredient of an offense beyond a reasonable doubt and ... may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense"). See also Sandstrom, supra, 442 U.S., at 520-524, 99 S.Ct., at 2457-2459; Mullaney v. Wilbur, supra, 421 U.S., at 698-701, 95 S.Ct., at 1889-1890. [FN3 omitted]  A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved. Such inferences do not necessarily implicate the concerns of Sandstrom. A permissive inference violates the Due Process

7

Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. Ulster County Court, supra, 442 U.S., at 157-163, 99 S.Ct., at 2224-2227.

Francis v. Franklin, 471 U.S. 307, 313-315, 105 S.Ct. 1965, 1971 (1985).

The Court of Appeals discussion is entirely consistent with the Supreme Court case law on permissive inferences. The jury was told it could not convict on the inference alone. The fact that only slight evidence need be present after finding that the defendants had possession of stolen property is a common sense conclusion. Nevertheless, the jury was not told that it must find the defendant guilty with only slight corroborative evidence – the jury retained complete judgment in the matter – and was told that the prosecution retained the burden of proving its case beyond a reasonable doubt in light of all the evidence. The issue here is not even close much less AEDPA unreasonable.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied;

2. The court declines to issue a certificate of appealability in this case.

Dated: 07/29/10

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ggh:ab
pach2739.hc

8